# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>ALAN, JEFFRY W | CHAPTER 7 -- Liquidation<br><br>CASE NO. 05-75108 MB |
| Social Security/Employer Tax ID Number:<br>xxx-xx-5631  13-7546953<br>Debtor(s) | HONORABLE  MANUEL BARBOSA |

## NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS FOR COMPENSATION, (AND HEARING ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE)

TO ALL CREDITORS:

1. NOTICE IS HEREBY GIVEN that the Trustee's Final Report has been filed and a hearing will be held by the undersigned judge at the U.S. BANKRUPTCY COURT, 211 South Court, Rockford, IL 61101, on _____ at _____ a.m.

2. The hearing will be held for the purpose of examining the Trustee's Final Report, ruling on any objections to the Final Report, ruling on applications for compensation and expenses, and transacting such other business as may be properly notices before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The following applications for compensation have been filed:

| APPLICANT | COMPENSATION PREVIOUSLY PAID | FEES NOW REQUESTED | EXPENSES NOW REQUESTED |
|---|---|---|---|
| Yalden, Olsen & Willette<br>Attorney/Trustee | 0.00 | 7,704.50 | |
| JOSEPH D. OLSEN<br>Trustee | 0.00 | 4,629.43 | |

| JOSEPH D. OLSEN | 0.00 | 297.16 |
|---|---|---|
| Trustee | | |

4. The Trustee's Final Report shows total:

    a. Receipts      $ 38,794.26

    b. Disbursements      $ 0.00

    c. Net Cash Available for Distribution      $ 38,794.26

5. In addition to the fees, compensation and expenses that may be allowed by the Court, liens and priority claims which must be paid in advance of general unsecured creditors have been allowed in the amount of $160,705.54, which leaves a total amount of $0.00, to be distributed to general unsecured creditors whose claims have been allowed in the total amount of $476,094.01.

6. The debtor has been discharged.

7. The Trustee proposed to abandon the following property at the hearing:

    6/7/07                                              s/s Joseph D. Olsen
DATE

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>ALAN, JEFFRY W<br><br><br><br>Debtor(s) | CHAPTER 7 -- Liquidation<br><br>CASE NO. 05-75108 MB<br><br>HONORABLE MANUEL BARBOSA |

## TRUSTEE'S FINAL REPORT

To: THE HONORABLE MANUEL BARBOSA
BANKRUPTCY JUDGE

NOW COMES <u>JOSEPH D. OLSEN</u>, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1. JOSEPH D. OLSEN was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 09/23/05. An order for relief under Chapter 7 was entered on 09/23/05. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that he/she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed as necessary and appropriate; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of June 7, 2007 is as follows:

| | | | |
|---|---|---|---:|
| a. | RECEIPTS (See Exhibit C) | | 38,794.26 |
| b. | DISBURSEMENTS (See Exhibit C) | | 0.00 |
| c. | NET CASH available for distribution | | 38,794.26 |
| d. | TRUSTEE/PROFESSIONAL COSTS | | |
| | 1. | Trustee compensation requested (See Exhibit E.) | 4,629.43 |
| | 2. | Trustee Expenses (See Exhibit E.) | 297.16 |
| | 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F.) | 7,704.50 |
| | 4. | Estimated compensation and expense reimbursement request (See Exhibit F.) | |

5. The Bar Date for filing unsecured claims expired on 06/21/06.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (as necessary and appropriate, a copy of the Trustee's proposed distribution is attached as Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid secured claims | 0.00 |
| b. | Chapter 7 administrative and 28 U.S.C. §1930 claims | 12,881.09 |
| c. | Allowed Chapter 11 administrative claims | 0.00 |
| d. | Allowed priority claims | 160,705.54 |
| e. | Allowed unsecured claims | 476,094.01 |

7. Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims.

## NARRATIVE

Interesting case. Debtor filed bankruptcy indicating no interest in any real estate. At the First Meeting of Creditors he admitted to living in the same house for several years. It turned out prior to the bankruptcy filing and within the fraudulent conveyance period, the Debtor had transferred his interest in the residence to his spouse who then transferred the residence, either in conjunction with the Debtor or by herself, into a intervivos trust. Subsequent to the transfer of the house into the intervivos trust, a judgment lien creditor purportedly obtained a judgment lien on the property as well as the Internal Revenue Service purportedly obtaining a federal tax lien on the property in question.

The Debtors then fought the Trustee on trying to recoup the house as a fraudulent conveyance but eventually that was allowed, the property was sold and the Trustee recovered one-half of the net proceeds from the sale of the house. An additional wrinkle was apparently a fictitious mortgage given to a corporation in Texas on the house that it turned out was a wholly owned corporation by the Debtor's brother.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 05-75108 MB
**Case Name:** ALAN, JEFFRY W

**Period Ending:** 06/04/07

**Trustee:** (330400)   JOSEPH D. OLSEN
**Filed (f) or Converted (c):** 09/23/05 (f)
**§341(a) Meeting Date:** 11/02/05
**Claims Bar Date:** 06/21/06

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | HHG/Wearing Apparel | 950.00 | 0.00 | DA | 0.00 | FA |
| 2 | Fraudulent Conveyance (Real Estate) (u) | 0.00 | 50,000.00 | DA | 38,648.47 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 145.79 | Unknown |
| 3 | Assets   Totals (Excluding unknown values) | $950.00 | $50,000.00 | | $38,794.26 | $0.00 |

**Major Activities Affecting Case Closing:**

Trustee has resolved all outstanding issues in the Estate. A Motion to Dismiss the adversary complaint (Case #06-96049) pending will be heard shortly. Presumably, the final report will be on file well before the end of the year. The Motion to Compromise the Controversy has been filed and approved by the Court.

**Initial Projected Date Of Final Report (TFR):** December 31, 2006   **Current Projected Date Of Final Report (TFR):** June 7, 2007 (Actual)

Printed: 06/07/2007 09:37 AM   V.9.02

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 05-75108 MB | | Trustee: | JOSEPH D. OLSEN (330400) |
|---|---|---|---|---|
| Case Name: | ALAN, JEFFRY W | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | | Account: | ***-*****49-65 - Money Market Account |
| Taxpayer ID #: | 13-7546953 | | Blanket Bond: | $1,500,000.00 (per case limit) |
| Period Ending: | 06/04/07 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 11/14/06 | {2} | Republic Title Company | Funds from fraudulent conveyance of real estate | 1210-000 | 38,648.47 | | 38,648.47 |
| 11/30/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 12.70 | | 38,661.17 |
| 12/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.8000% | 1270-000 | 24.56 | | 38,685.73 |
| 01/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 25.79 | | 38,711.52 |
| 02/28/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 19.29 | | 38,730.81 |
| 03/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 20.68 | | 38,751.49 |
| 04/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 21.38 | | 38,772.87 |
| 05/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 21.39 | | 38,794.26 |
| | | | **ACCOUNT TOTALS** | | 38,794.26 | 0.00 | **$38,794.26** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 38,794.26 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$38,794.26** | **$0.00** | |

{} Asset reference(s)

Printed: 06/07/2007 09:37 AM V.9.02

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| | |
|---|---|
| **Case Number:** 05-75108 MB | **Trustee:** JOSEPH D. OLSEN (330400) |
| **Case Name:** ALAN, JEFFRY W | **Bank Name:** JPMORGAN CHASE BANK, N.A. |
| | **Account:** ***-*****49-65 - Money Market Account |
| **Taxpayer ID #:** 13-7546953 | **Blanket Bond:** $1,500,000.00 (per case limit) |
| **Period Ending:** 06/04/07 | **Separate Bond:** N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|

Net Receipts : 38,794.26
Net Estate : $38,794.26

| | | | | | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|---|---|---|---|
| | | | TOTAL - ALL ACCOUNTS | | | | |
| | | | MMA # ***-*****49-65 | | 38,794.26 | 0.00 | 38,794.26 |
| | | | | | $38,794.26 | $0.00 | $38,794.26 |

8.  Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was 0.00. Professional's compensation and expense requested but not yet allowed is $7,704.50. The total of Chapter 7 professional fees and expenses requested for final allowance is $7,704.50. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9.  A fee of $1,000.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE:   6/7/07

s/s Joseph D. Olsen
JOSEPH D. OLSEN
YALDEN, OLSEN & WILLETTE
1318 EAST STATE STREET
ROCKFORD, IL 61104-2228

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br>ALAN, JEFFRY W<br><br><br>Debtor(s) | CHAPTER 7 -- Liquidation<br><br>CASE NO. 05-75108 MB<br><br>HONORABLE MANUEL BARBOSA |

## DISTRIBUTION REPORT

I, <u>JOSEPH D. OLSEN</u>, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

<u>SUMMARY OF DISTRIBUTION:</u>

| | |
|---|---:|
| Secured Claims | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 12,881.09 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 25,913.17 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 0.00 |
| | |
| <u>TOTAL AMOUNT TO BE DISTRIBUTED:</u> | $ 38,794.26 |

DISTRIBUTION REPORTS	PAGE 1

| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | Secured Claims | $0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |

| 2. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) & (B) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $12,881.09 | 100.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
| | Yalden, Olsen & Willette | 7,704.50 | 7,704.50 |
| | JOSEPH D. OLSEN | 4,629.43 | 4,629.43 |
| | JOSEPH D. OLSEN | 297.16 | 297.16 |
| | United States Bankruptcy Court | 250.00 | 250.00 |

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | 0.00% |
| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |

**DISTRIBUTION REPORTS**     **PAGE 2**

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(3) - Wages, salaries or commissions limited to $4,000.00 | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(4) - Contributions to Employee Benefit Funds | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,000.00 | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

DISTRIBUTION REPORTS                                                          PAGE 3

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(6) - Deposits by consumers to the extent of $1,800.00 | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(7) - Alimony | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §724(b)(6) - Tax Liens | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(8) - Tax claims excluding fines and penalties | $160,705.54 | 16.12% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
| 5 | Department of the Treasury-Internal Revenue Service | 160,705.54 | 25,913.17 |

**DISTRIBUTION REPORTS** **PAGE 4**

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §507(a)(9) - Capital Commitments to FDIC, et al. | $0.00 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 13. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| | §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $476,094.01 | 0.00% |
| **CLAIM NUMBER** | **CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |
| 1 | Buckeye Retirement Co., L.L.C., Ltd. | 140,975.36 | 0.00 |
| 2 | Daimlerchrysler Financial Services Americas | 5,682.99 | 0.00 |
| 3 | Daimlerchrysler Financial Services Americas | 7,454.76 | 0.00 |
| 4 | American Express Travel Related Svcs Co | 11,794.66 | 0.00 |
| 7 | ORIX Financial Services, Inc. | 310,186.24 | 0.00 |

DISTRIBUTION REPORTS                                                   PAGE 5

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(3) - Late unsecured claims | $0.00 | 0.00% |
| **CLAIM NUMBER      CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(4) - Fines/penalties | $0.00 | 0.00% |
| **CLAIM NUMBER      CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 16. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(5) - Interest | $0.00 | 0.00% |
| **CLAIM NUMBER      CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

| 17. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $0.00 | 0.00% |
| **CLAIM NUMBER      CREDITOR** | **ALLOWED AMOUNT** | **DIVIDEND AMOUNT** |

**DISTRIBUTION REPORTS**  PAGE 6

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant or barred from distribution.

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOW /WITHDRAW DESIGNATE |
|---|---|---|---|---|
| Unsecured | 6 | Dept of the Treasury IRS<br>230 S Dearborn<br>Stop 5016-CHI<br>Chicago, IL 60604- | $ 160,705.54 | D |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: 6/7/07

s/s Joseph D. Olsen
JOSEPH D. OLSEN, Trustee

**DISTRIBUTION REPORTS**  PAGE 6